**EXHIBIT C**

PRIVATE PROCESS

Case Number: 2021-CI-03904

2021CI03904 S00001

CATHERINE ARANDA ET AL
VS.
HARVEY TRUCKING SERVICE INC ET AL
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

PSC #11303

"THE STATE OF TEXAS"

Directed To:  HARVEY TRUCKING SERVICE INC

BY SERVING ITS REGISTERED AGENT, ALEX HARVEY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION was filed on the 3rd day of March, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 5TH DAY OF MARCH A.D., 2021.

JAMES D BASKIN
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHIRSTI, TX 78401-2344



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

| CATHERINE ARANDA ET AL<br>VS<br>HARVEY TRUCKING SERVICE INC ET AL | **Officer's Return** | Case Number: 2021-CI-03904<br>Court: 285th Judicial District Court |

I received this CITATION on _____ at _____ o'clock ___ M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___ M. at: _____ or ( ) not executed because _____.

Fees:_____  Badge/PPS #:_____ Date certification expires:_____
_____County, Texas
By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant

FILED
3/3/2021 2:18 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

2CIT PPS

W JD

**2021CI03904**

CAUSE NO. _____

| | | |
|---|---|---|
| CATHERINE ARANDA, ARACELI REYES, OLIVIA REYES and MARK REYES, *Plaintiff* | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | | 285th JUDICIAL DISTRICT |
| HARVEY TRUCKING SERVICE INC., and BRANDON LEUMEUAL BURNS, *Defendant* | | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES CATHERINE ARANDA, ARACELI REYES, OLIVIA REYES and MARK REYES, hereinafter referred to by name or as Plaintiff, and complains of HARVEY TRUCKING SERVICE INC., and BRANDON LEUMEUAL BURNS hereinafter referred to by name or as Defendant(s), and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

2. Plaintiff **CATHERINE ARANDA** is an individual residing in Bexar County, Texas.

3. Plaintiff **ARACELI REYES** is an individual residing in Snohomish County, Washington.

5. Plaintiff **OLIVIA REYES** is an individual residing in Jerome County, Idaho

6. Plaintiff **MARK REYES** is an individual residing in Jerome County, Idaho

7. Defendant **BRANDON LEUMEUAL BURNS** is an individual residing in Montgomery County, Texas, and may be served with process at his residence, located at **12261 ARCTURUS RD, WILLIS TEXAS 78318** or wherever he may be found.

8. Defendant **HARVEY TRUCKING SERVICE INC.** Is a company authorized to do business in the State of Texas. Defendant may be served by and through its registered agent, **Alex Harvey, 6267 Coffman Road, Indianapolis, IN 46268.**

### III.

### JURISDICTION & VENUE

9. Venue is proper in Bexar County in this cause under § 15.002(a)(1) and § 15.005 of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of the lawsuit occurred in Bexar, County Texas.

### IV.
### FACTS

10. On or about December 12, 2019 Plaintiffs, were in a 2020 blue Chrysler Caravan Stopped and waiting to leave a store parking lot. While waiting to make their turn, Plaintiffs' vehicle suddenly, violently, and without warning was struck on front driver's side by Defendant **BRANDON LEUMEUAL BURNS**, who was driving a 2018 white Peterbilt 210 with a 2019 black ACE Welding trailer in the course and scope of employment with **HARVEY TRUCKING SERVICE INC.** Defendant BURNS was attempting to turn into the same store of which Plaintiffs were exiting. Defendant BURNS failed to properly maneuver his vehicle in a safe manner, resulting in this crash. As a result of the collision, **Jeremy Jordan Parrish**, the investigation officer of San Antonio Police Department, was called to the scene and after an investigation, found **BRANDON LEUMEUAL BURNS** to be the at-fault driver. As a result of the collision, Plaintiffs sustained severe injuries.

# V.
# CAUSES OF ACTION AGAINST DEFENDANT BRANDON LEUMEUAL BURNS

### A. NEGLIGENCE

12. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of the Defendant **BRANDON LEUMEUAL BURNS** who operated the vehicles he was driving in a negligent manner by violating the duty which he owed the Plaintiffs' to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   c. operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

   d. failing to turn the vehicle in an effort to avoid the collision in question;

   e. failing to blow horn warning of imminent danger; and

   f. failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him.

13. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

### B. NEGLIGENCE PER SE

14. Further, Defendant failed to exercise the mandatory standard of care in violation of

Tex. Transp. Code § 545.152 pursuant to the Negligence Per Se Doctrine which mandates that:

> **To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.**

15. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

C. **GROSS NEGLIGENCE**

16. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiffs or others similarly situated.

17. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**V.**
**CAUSES OF ACTION AGAINST**
**HARVEY TRUCKING SERVICE INC.**

A. **RESPONDEAT SUPERIOR**

18. Defendant **HARVEY TRUCKING SERVICE INC.** are also liable to Plaintiffs for each and every negligent act and/or omission of **BRANDON LEUMEUAL BURNS** under the doctrine of

respondent superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that **BRANDON LEUMEUAL BURNS** was operating his vehicle in the course and scope of his employment with Defendant **HARVEY TRUCKING SERVICE INC.**

19. Defendant **HARVEY TRUCKING SERVICE INC.** violated the duty which it owed to Plaintiffs to exercise ordinary care in one or more of the following respects:

    a. in failing to properly train **BRANDON LEUMEUAL BURNS**;

    b. in negligently entrusting the vehicle to **BRANDON LEUMEUAL BURNS**;

    c. in negligently hiring **BRANDON LEUMEUAL BURNS**; and

    d. in negligently retaining **BRANDON LEUMEUAL BURNS** as an employee.

20. Each of these acts and/or omissions, whether taken singularly or in any combination proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

21. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the public such as **CATHERINE ARANDA, ARACELI REYES, OLIVIA REYES and MARK REYES**. Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

## VI.
## DAMAGES

22.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs have suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well- being. As a further result of the nature and consequences of their injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish. As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

23.     Plaintiffs have also suffered losses and damages to their personal property, including but not limited to damage to their vehicle for which they have never been compensated.

24.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

25.     Plaintiffs asserts that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs has justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

26.     Plaintiffs further requests both pre-judgment and post-judgment interest on all their

damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

27. Plaintiffs **CATHERINE ARANDA, ARACELI REYES, OLIVIA REYES and MARK REYES** demand a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

## X.
## NOTICE OF SELF-AUTHENTICATION

28. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: jbaskin-svc@tjhlaw.com This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that the Defendant's be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a. Pain and suffering in the past;
b. Pain and suffering in the future;
c. Mental anguish in the past;
d. Mental anguish in the future;
e. Past medical expenses;
f. Future medical expenses;
g. Physical impairment in the past;
h. Physical impairment in the future;
i. Physical disfigurement in the past;
j. Physical disfigurement in the future;
k. Lost wages in the past;
l. Loss of future wage earning capacity;
m. Property damage;
n. Loss of use;
o. Pre-judgment interest;
p. Post-judgment interest; and
q. Exemplary damages.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: /s/ James Baskin
Thomas J. Henry
State Bar No. 04984210
James D. Baskin
State Bar No. 24071961
*email: jbaskin-svc@tjhlaw.com
ATTORNEYS FOR PLAINTIFF

\* Plaintiff designates the above-referenced e-mail address as the only e-mail address to be used for service via e-filing. Notice is hereby given that e-mails sent to any other e-mail address will not be accepted for the purposes of service in this cause. If e-filing is not currently available, then service will be designated in accordance with the Texas Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the Texas Rules of Civil Procedure on this the 3rd day of March, 2021.

/s/ James Baskin
_____
James D. Baskin